IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL JOHN PISKANIN, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 10-58J |
| | ) Judge Fischer |
| KENNETH P. CAMERON, *et al.*, | ) Magistrate Judge Bissoon |
|     Defendants. | ) |

**MEMORANDUM ORDER**

Michael John Piskanin seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3). He challenges detainers lodged against him by the States of New York and New Jersey, respectively, asserting that those states have not complied with the Interstate Agreement on Detainers. While this Court has jurisdiction in this matter, it is not the most convenient forum.

This Court has jurisdiction because Petitioner is incarcerated within this judicial district. 28 U.S.C. § 2241(d) (district of incarceration and district where conviction occurred possess concurrent jurisdiction over state prisoner's habeas petition). However, transfer of a case may be made pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses" and "in the interest of justice" to "any other district or division where it might have been brought."

Petitioner's challenge to the detainer lodged against him by the State of New York might have been brought in the federal judicial district where the state charges arose because that is where "a substantial part of the events or omissions giving rise to the claim occurred," or where "any defendant [the charging New York official] may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). But Petitioner has not indicated the

source of the New York charges, so the proper federal judicial district cannot be determined at the present time.

Petitioner's challenge to the detainer lodged against him by the State of New Jersey might have been brought in the United States District Court for the District of New Jersey because that is where "a substantial part of the events or omissions giving rise to the claim occurred," or where "any defendant [the charging New Jersey official] may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

The proper course of action in this case is dictated by the Supreme Court's analysis in Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484 (1973), where the petitioner was incarcerated in Alabama, but was subject to a detainer in Kentucky. He applied to the Western District of Kentucky for a writ of habeas corpus, alleging denial of his right to a speedy trial on the Kentucky indictment. Id. at 485. The Supreme Court found the "in custody" requirement of § 2241 satisfied because the custodian could "be reached by service of process" even though "the prisoner himself is confined outside the court's territorial jurisdiction." Id. at 495. Addressing the issue of venue, the Supreme Court noted that the district where the indictments were pending was "almost surely the most desirable forum for the adjudication of the claim" because that is the district "where all of the material events took place" and where "the records and witnesses pertinent to petitioner's claim are likely to be found." Id. at 493-94.

Here, all of the evidence and witnesses relevant to the pending New York detainer, with the sole exception of Petitioner, are likely to be found in New York. All of the evidence and witnesses relevant to the New Jersey detainer, again with the exception of Petitioner, are likely to be found in New Jersey. The Western District of Pennsylvania is the only district that has jurisdiction over both of Petitioner's claims as it is his place of incarceration. But this Court has

no connection to the "events or omissions giving rise to the claim[s]" and is manifestly not the most desirable forum to litigate Petitioner's challenges to the two outstanding detainers.

Petitioner does not say where in the State of New York the complained-of detainer arose, and this prevents the Court from identifying a transferor court. The claim concerning Petitioner's New York detainer, therefore, is DISMISSED without prejudice to Petitioner's right to file a petition in the appropriate New York federal district court. <u>Compare</u>, <u>Clark v. Schultz</u>, 2006 WL 2129480 at *2 (D. N.J., July 25, 2006) (Kugler, J.) (habeas petition filed in New Jersey challenging Virginia detainer dismissed without prejudice rather than being transferred to Virginia where the petitioner did not name a Virginia respondent).

There is no similar choice of judicial district to be made with respect to the remaining detainer because there is only one federal district court in New Jersey. Therefore, Petitioner's challenge to the New Jersey detainer will be transferred to the United States District Court for the District of New Jersey.

AND NOW, this 23rd day of April , 2010,

IT IS HEREBY ORDERED that Petitioner's challenge to the detainer lodged against him in the State of New York is DISMISSED WITHOUT PREJUDICE to his right to file a new petition in the appropriate court.

IT IS FURTHER ORDERED that Petitioner's challenge to the New Jersey detainer is TRANSFERRED to the United States District Court for the District of New Jersey FORTHWITH.

                                              s/Nora Barry Fischer
                                              Nora Barry Fischer
                                              United States District Court Judge

cc:
MICHAEL JOHN PISKANIN
GG-2457
SCI CRESSON
P.O. Box A
Cresson, PA 16699-0001